UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VARSITY GAY LEAGUE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2711-B |
| | § | |
| LOGAN NICHOLS, JEFFREY | § | |
| MANNING, GREG GIFFORD, and | § | |
| BORN SPORTS LEAGUE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Logan Nichols, Jeffrey Manning, and Born Sports League (collectively, "Defendants")'s Motion for Costs, Fees and to Stay Proceedings Under Rule 41(d).[1] Doc. 30, Mot. Costs. Because the Court finds costs are warranted but fees are not, the Court **GRANTS in part** and **DENIES in part** the Motion. The Court **DIRECTS** Defendants to supplement their Motion with information and evidence as to costs. The Court **DENIES** Defendants' request to stay the proceedings.

I.

BACKGROUND

Plaintiff Varsity Gay League ("VGL") is a business that "organizes and operates local sports leagues catering to the LGBTQA+ community." Doc. 1, Compl., ¶ 2. Defendants are former independent contractors that VGL alleges conspired to establish a competing enterprise

---

[1] Only Defendants Nichols, Manning, and Born Sports League move under Rule 41(d) for costs, fees, and to stay the proceedings. Thus, although Varsity Gay League also makes claims against Greg Gifford, the Court will, for simplicity, refer to the moving defendants as the "Defendants" for purposes of this Memorandum Opinion and Order. *See* Doc. 1, Compl.

-1-

using VGL's confidential information. *Id.* ¶¶ 1, 3. More than two years ago, on January 28, 2021, VGL sued Defendants in Dallas County state court, alleging claims for breach of contract, breach of fiduciary duty, tortious interference with prospective business opportunity, tortious interference with contract, declaratory judgment, civil conspiracy, and aiding and abetting. Doc. 31-3, Dolghih Decl. Ex. A-2, ¶¶ 56–101; *see also* Doc. 31-1, Dolghih Decl., ¶ 5. The case then proceeded through more than a year of discovery. *See* Doc. 31-1, Dolghih Decl., ¶ 8.

"After discovery closed, . . . Defendants filed a no-evidence and traditional motion for summary judgment on all of VGL's claims." *Id.* ¶ 9. VGL responded and included over 700 pages of exhibits supporting its claims. *Id.* ¶ 10. But Defendants, in their reply, asked the court to strike the exhibits because "not a single page was authenticated, making the submitted documents inadmissible." *Id.* On April 18, 2022, roughly three hours before the summary judgment hearing, VGL dismissed its claims against Defendants without prejudice through a Notice of Nonsuit under Texas Rule of Civil Procedure 162. *Id.* ¶ 11; *see also* Doc. 39-4; Lapine Decl. Ex 2, at 2.

Defendants responded to VGL's Notice of Nonsuit and requested the court dismiss VGL's claims with prejudice. Doc. 39-5, Lapine Decl. Ex. 3. Nevertheless, the state court issued an order granting the nonsuit without prejudice on April 19, 2022. Doc. 39-7, Lapine Decl. Ex. 5. Following the state court's order, Defendants then filed a Motion for Sanctions. Mot. Sanctions, Varsity Gay League v. Nichols, DC-21-01181 (Dall. Dist. Ct. Apr. 21, 2022). Defendants argued that VGL had non-suited the case for the improper purpose of avoiding an adverse summary judgment ruling. *Id.* at 1. In response, VGL said it non-suited the case because VGL's owner and operator, William Hackner, was suffering from underlying health conditions and would not be able to meaningfully participate in the action for an extended period of time. Doc. 39-8, Lapine Decl. Ex. 7, at 3. Defendants replied by noting that VGL had waited to non-

suit its claims until the eve of the summary judgment deadline despite knowing of Hackner's conditions much earlier. Doc. 39-9, Lapine Decl. Ex. 8, at 2–3. Defendants also highlighted that Hackner, despite his alleged health issues, was attending social events and participating in sports tournaments. *Id.* at 3–5. After a hearing, the state court summarily denied the Defendants' Motion for Sanctions. Doc. 39-10, Lapine Decl. Ex. 9.

Roughly seven months later, VGL filed the present federal action against Defendants in this Court. *See generally* Doc. 1, Compl. Except for the declaratory judgment claim, VGL made the same claims against Defendants as in the state court action. VGL also added claims for trade secret misappropriation under the Texas Uniform Trade Secret Act and the federal Defend Trade Secrets Act. *Compare* Doc. 1, Compl., ¶¶ 64–134, *with* Doc. 31-3, Dolghih Decl. Ex. A-2, ¶¶ 56–101.

In light of VGL essentially refiling the state-court action in federal court, Defendants now seek to recover their costs and fees from the previous state action under Federal Rule of Civil Procedure 41(d). Doc. 30, Mot. Costs. Defendants make similar arguments to those raised in the Motion for Sanctions. They argue that VGL dismissed the case to avoid an adverse summary judgment ruling. Doc. 47, Reply, 5–6. And they highlight Hackner's participation in social events and sporting activities to undermine his asserted health troubles. *Id.* Because the Court finds that costs are justified but Defendants have not properly established their right to fees, the Court **GRANTS in part** and **DENIES in part** the Motion.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(d),

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

The purpose of the rule is to deter repeated or vexatious lawsuits and prevent forum shopping. *E.g.*, *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 545 (9th Cir. 2022). "It also serves to compensate a defendant for expenses incurred unnecessarily in defending against an action that is later dismissed and re-filed." *Okpa v. Bank of N.Y. Mellon*, 2020 WL 2839227, at *2 (N.D. Tex. May 30, 2020) (Ramirez, Mag. J.) (internal quotation omitted). The district court has discretion in determining whether to award costs. *E.g.*, *Ocoro v. Montelongo*, 2018 WL 1902550, at *2 (W.D. Tex. Apr. 19, 2018). In exercising such discretion, the Court may consider whether the plaintiff acted in bad faith, but a finding of bad faith is not required. *Id.*

## III.

## ANALYSIS

A.  *Defendants Are Entitled to Costs from the State Action*

As a threshold matter, VGL's present suit includes or is based on the same claims as the prior state court action. *See* Fed. R. Civ. P. 41(d). Indeed, except for the declaratory judgment claim, VGL again asserts each claim against Defendants that it made in the state court action. *Compare* Doc. 31-3, Dolghih Decl. Ex. A-2, *with* Doc. 1, Compl. The Court therefore has the discretion under Rule 41(d) to order costs and stay this case.

Given the circumstances surrounding VGL's prior nonsuit, the Court finds it appropriate to order VGL to pay Defendants' costs from the previous action. VGL litigated the state court action against Defendants for more than a year. *See* Doc. 31-1, Dolghih Decl., ¶ 8. But upon

Defendants' summary judgment motion and subsequent request to strike VGL's unauthenticated exhibits, VGL filed the Notice of Non-Suit. *Id.* ¶¶ 10–11.

And although VGL contends Hackner's health issues were to blame, several considerations at least undermine this claim. Most obviously, VGL filed the Notice of Non-Suit roughly three hours before the summary judgment hearing. *Id.* ¶ 11. Though VGL had already filed its response—including over 700 pages of documents—Defendants had also recently moved to strike those exhibits for lack of authentication. *Id.* ¶ 10. In other words, VGL potentially faced an adverse ruling because of a lack of authenticated evidence.

Further, the evidence suggests that VGL was aware of Hackner's health issues and inability to travel at least as early as February 2022. *See* Doc. 39-9, Lapine Decl. Ex. 8, at 8–9 (containing a Joint Report filed in state court on February 25, 2022, in which VGL says Hackner's underlying health conditions prevented travel). But VGL did not raise the issue with the state court or seek to stay proceedings pending Hackner's recovery. In fact, on March 28, 2022, VGL *did* file a motion to stay proceedings, but it was based only on its petition for a writ of mandamus pending before the Fifth Circuit. *See* Mot. Stay, Varsity Gay League v. Nichols, DC-21-01181 (Dall. Dist. Ct. Mar. 28, 2022). No mention was made of Hackner's health problems. *See id.*

Additionally, Defendants have provided screenshots from Hackner's Facebook page in the days following the Notice of Non-Suit. Hackner is pictured with six other individuals with the accompanying caption, "10 hours of eating food, laughing, repeating mundane actions, hugging, kicking, and being our beautifully authentic wonderful selves." Doc. 47, Reply Ex. C-1. Though Hackner provides an explanation, *see* Doc. 54, Hackner Suppl. Decl., the post nonetheless undermines VGL's claims that Hackner was not able to meaningfully participate in

the litigation. Other documents suggest Hackner's claims regarding his inability to travel or underlying health conditions may have been overstated. *See* Doc. 39-9, Lapine Decl. Ex. 8, 3–5 (showing photos of Hackner participating in a sports tournament). Accordingly, the Court finds that awarding costs is appropriate under Rule 41(d).

The Court makes this finding despite the state court's denial on the Motion for Sanctions. The state court summarily denied the motion without discussion. And, more importantly, a motion under Rule 41(d) contemplates both the dismissal and the subsequent refiling of the same claims. The previous Motion for Sanctions did not benefit from such foresight.

B.     *Under Fifth Circuit Precedent, Defendants Do Not Meet the Requirements for Attorneys' Fees*

Defendants also move, under Rule 41(d), for payment of their attorneys' fees arising from the state court action. Doc. 31, Br. Supp. Mot., 7–8. But the plain language of Rule 41(d), providing for "all or part of the *costs* of [a] previous action," does not clearly allow for such a recovery. *See* Fed. R. Civ. P. 41(d) (emphasis added). This is especially the case given the "American Rule" that all parties traditionally pay their own attorneys' fees. *See Portillo v. Cunningham*, 872 F.3d 728, 739 (5th Cir. 2017) (noting the Federal Rules of Civil Procedure were adopted against the backdrop of the American Rule). Nevertheless, the question of whether Rule 41(d) allows defendants to recover attorneys' fees has split several circuit courts. *See id.* at 738–39 (discussing the circuit split). The Fifth Circuit is part of this split, and the Court is ultimately bound by that precedent. But before applying that precedent, the Court finds necessary a brief discussion of Rule 41(d) and the challenges underlying the current caselaw.

1.  The Current Circuit Split over Rule 41(d)

The circuits have generally split into three theories. The Sixth Circuit ruled in *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) that Rule 41(d) does not permit recovery of attorneys' fees. The court reasoned that the plain language of the rule—and its reference only to "costs"—did not support awarding attorneys' fees because the two terms generally carry different meanings. *Id.* at 874.

Other circuits have held that Rule 41(d) does allow recovery of attorneys' fees. The Eighth and Tenth Circuits have both upheld fees under Rule 41(d) without much discussion. *See Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (per curiam) (stating only that the court "was satisfied the district court did not abuse its discretion in awarding . . . attorney fees"); *Meredith v. Stovall*, 216 F.3d 1087 (10th Cir. 2000) (holding "[u]nder the language of Rule 41(d), the decision whether to impose costs and attorney's fees is within the discretion of the trial court"). But the Second Circuit in *Horowitz v. 148 S. Emerson Assocs. LLC*, addressed the question head-on and held Rule 41(d) "evinces an unmistakable intent for a district court to be free, in its discretion, to award attorneys' fees as part of costs." 888 F.3d 13, 25 (2d Cir. 2018). Relying primarily on the rule's purpose, the court expressed serious doubt that the "$15.00 charge for delivery of documents and a $60.48 charge for a transcript fee from a court reporter . . . . would effectively deter litigants . . . from forum shopping or . . . vexatious litigation." *Id.* at 26.

The Third, Fourth, Fifth, and Seventh Circuits have taken yet another tack, holding that fees are permitted under Rule 41(d) "only if the underlying statute defines 'costs' to include fees." *Portillo*, 872 F.3d 728; *accord Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018); *Andrews v. Am.'s Living Centers, LLC*, 827 F.3d 306, 311 (4th Cir. 2016); *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000). The "underlying statute" refers to the substantive cause of action and

any relevant provisions regarding the recovery of attorneys' fees. For example, in *Portillo*, the Fifth Circuit looked to the underlying statute of 42 U.S.C. § 1988, which provides for attorneys' fees in § 1983 actions. 872 F.3d at 739. The court concluded that § 1988 defines "costs" in such an action to include fees and therefore determined fees were recoverable under Rule 41(d) for § 1983 actions. *Id.* & n.26.

In interpreting Rule 41(d), the Fifth Circuit relied—like the other circuits taking this approach—on *Marek v. Chesny*, 473 U.S. 1 (1985). *See Portillo*, 872 F.3d at 739 (agreeing with *Esposito* and its discussion of *Marek*); *see also, e.g.*, *Garza*, 881 F.3d at 283 (discussing *Marek*). In *Marek*, the Supreme Court was addressing whether Federal Rule of Civil Procedure 68's reference to "costs" also included attorneys' fees. 473 U.S. at 7. Rule 68 provides that a plaintiff who rejects a settlement offer that exceeds the ultimate judgment amount cannot recover his post-offer legal costs. Fed. R. Civ. P. 68; *see also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3006.2 (3d ed. 2022). The Supreme Court held that, to determine whether Rule 68's "costs" includes attorneys' fees, courts must look to the underlying statute to determine whether attorneys' fees are recoverable as costs. *Marek*, 473 U.S. at 9. This structure, the Court held, is consistent with Rule 68's goal of encouraging settlement because it will force a plaintiff to accurately weigh the benefits and risks of rejecting the settlement and continuing litigation. *See id.* at 11 ("To be sure, application of Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates.").

Though looking to the underlying statute makes intuitive sense in the context of Rule 68, the rationale begins to fray in the context of other Federal Rules of Civil Procedure. This case is a good example. Rule 41(d)'s purpose is to deter vexatious or repeated litigation and compensate

-8-

defendants for unnecessary or duplicative expense. *See, e.g., Moskowitz*, 37 F.4th at 545 (collecting cases). In this context, it is unclear why a defendant subject to repeat suits under a statute providing for attorneys' fees deserves more compensation than a similar defendant sued under a statute without such a provision. It is likewise unclear why greater deterrence is warranted for vexatious plaintiffs suing under statutes with attorneys' fees than those suing under statutes without. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 762 (1980) (rejecting argument that a statute awarding costs for vexatious lawyers should draw on the underlying statute because "[t]he statute is indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with limiting the abuse of court processes."); *see also Horowitz*, 888 F.3d at 26 n.6 (noting that the approach adopted by the Fourth, Fifth, and Seventh Circuits "makes little sense as to Rule 41(d), where there is no connection between the underlying cause of action and the behavior the rule seeks to influence").

Further, both the Fifth and Seventh Circuits have held, at least implicitly, that the underlying statute's other conditions for attorneys' fees must also be met under Rule 41(d).[2] So, in the context of a § 1983 action, for example, the Fifth Circuit held that the defendant had to be the prevailing party and show that the plaintiff's action was frivolous, unreasonable, or without foundation to properly receive attorneys' fees under Rule 41(d). *Id.* at 739–40; *see also Esposito*, 223 F.3d 497, 501 (7th Cir. 2000) (imposing the same frivolous, unreasonable, or groundless condition for recovery where § 1988 was the underlying statute). But if a defendant can only obtain attorneys' fees when the underlying statute's conditions for recovering fees are also met, it is unclear what work, if any, Rule 41(d) is doing. In the context of § 1988, for

---

[2] The Third and Fourth Circuits did not reach this issue because the underlying statute did not define "costs" to include fees. *See Garza*, 881 F.3d at 284; *Andrews*, 827 F.3d at 312.

example, if the defendant must prove that it was the prevailing party and the plaintiff's suit was "frivolous, unreasonable, or without foundation," *see Portillo*, 872 F.3d at 739–40, then a prudent defendant would presumably move for fees once those conditions were met in the first action. Put differently, it makes little sense for a defendant to wait for a second lawsuit before moving for fees; Rule 41(d) at that point only acts as an additional hurdle for the defendant.

The Court therefore encourages reconsideration of *Portillo* and perhaps an amendment to clarify Rule 41(d). But the Court is bound by Fifth Circuit precedent, and it therefore applies the standard as articulated in *Portillo*.

2.  Applying *Portillo*, Defendants Have Not Met the Conditions for Fees

Here, the parties agree that the underlying statute relevant to attorneys' fees is not the cause of action itself, but rather a standalone Texas statute governing the permissibility of non-compete agreements: the Texas Covenants Not to Compete Act ("TCNCA"). *See* Tex. Bus. & Comm. Code §§ 15.50–.52. The TCNCA provides that "the court may award the promisor the costs, including reasonable attorney's fees, actually and reasonably incurred by the promisor in defending the action to enforce the covenant [not to compete]." *Id.* § 15.51(c). Therefore, under the plain language of the TCNCA, the costs incurred also include attorneys' fees. *Id.*

But under *Portillo*, Defendants must also demonstrate that the other conditions attendant to an award of attorneys' fees are met. *See* 872 F.3d at 739–40 (requiring the defendant be both the prevailing party and that plaintiff's action be "frivolous, unreasonable, or without foundation"). The relevant provision of the TCNCA gives a court discretion to award attorneys' fees only when (1) the covenant not to compete is ancillary to or part of an agreement regarding personal services, (2) the promisor establishes that the promisee knew at the time of the agreement that the covenant contained unreasonable and excessive restraints, and (3) the

promisee sought to enforce the covenant to an extent greater than necessary to protect its business interests. Tex. Bus. & Comm. Code § 15.51(c).

Defendants have not argued or presented evidence, nor did the state court find, that any of these conditions were met in the underlying state court action. Accordingly, the Court may not award attorneys' fees pursuant to Rule 41(d).

## IV.

## CONCLUSION

In light of VGL's conduct in the previous state action, the Court exercises its discretion under Rule 41(d) and awards Defendants the reasonable costs of the prior action. The Court, however, cannot order attorneys' fees under Rule 41(d) because none of the underlying statutory requirements have been met. Accordingly, the Court **DENIES** Defendants' Motion as it relates to attorneys' fees but **GRANTS** Defendants' request for costs. Defendants are **ORDERED** to supplement their Motion with information and supporting evidence regarding costs from the state court action. The Court further **DENIES** Defendants' request to stay the proceedings pending VGL's compliance, as the costs are unlikely to be significant enough to justify a delay.

SO ORDERED.

SIGNED: April 13, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE