UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VARSITY GAY LEAGUE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2711-B |
| | § | |
| LOGAN NICHOLS, JEFFREY MANNING, GREG GIFFORD, and BORN SPORTS LEAGUE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Logan Nichols, Jeffrey Manning, and Born Sports League's Motion for an Order Requiring Pre-Discovery Identification of Trade Secrets (Doc. 32). Because Defendants[1] have not shown this case is sufficiently complex or atypical to justify such an order, the Court **DENIES** Defendants' Motion.

I.

BACKGROUND

Plaintiff Varsity Gay League LLC ("VGL") is a business that "organizes and operates local sports leagues catering to the LGBTQA+ community." Doc. 1, Compl., ¶ 2. Defendants Manning, Nichols, and Gifford are former independent contractors of VGL. *Id.* ¶ 3. VGL claims that Defendants used its confidential information and trade secrets without authorization to launch Born Sports League, a competing enterprise. *Id.* ¶¶ 109, 118. This information includes

---

[1] For simplicity, the Court will refer to Nichols, Manning, and Born Sports League collectively as "Defendants." Defendant Greg Gifford, however, does not join this Motion.

-1-

"(1) [VGL]'s business plan, (2) [VGL]'s sponsorship agreement with Dallas Woody's, (3) [VGL]'s vendors and independent contractors, (4) [VGL]'s periodic revenue, pricing and expense information, (5) [VGL]'s customer and client list, and (6) [VGL]'s various contacts in the community, including potential sponsors." *Id.* ¶¶ 105, 115. Defendants claim these trade secrets are not reasonably particularized and move to require pre-discovery identification of these trade secrets. Doc. 33, Br. Supp. Mot., ¶¶ 9–17.

## II.

## LEGAL STANDARD

"[N]either Texas nor Fifth Circuit law requires Pre-Discovery Identification [of trade secrets]." *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 248 (W.D. Tex. 2013), *aff'd*, 2013 WL 1867417 (W.D. Tex. Apr. 24, 2013). In some cases, however, courts have used Federal Rule of Civil Procedure 16(c)(2)(L) as a basis for ordering pre-discovery identification where "the action involves 'complex issues, multiple parties, difficult legal questions, or unusual proof problems.'" *DFW Dance Floors LLC v. Suchil*, 2023 WL 1805848, at *2 (N.D. Tex. Feb. 7, 2023) (Godbey, C.J.) (quoting Fed. R. Civ. P. 16(c)(2)(L)); *see also StoneEagle Servs. Inc. v. Valentine*, 2013 WL 9554563, at *1, 4 (N.D. Tex. June 5, 2013) (Horan, Mag. J.) (granting pre-discovery identification of trade secrets where the case involved several parallel lawsuits with an agreement to share discovery).

However, courts have been reluctant to permit pre-discovery identification unless the defendant proves that ordinary discovery procedures are inadequate or that the case is unusually complex. *See, e.g.*, *Polydyne Software, Inc. v. Celestica Int'l, Inc.*, 2014 WL 12479201, at *3 (W.D. Tex. Dec. 31, 2014) ("[Defendant] has made no showing that ordinary discovery procedures will prove inadequate to the task in this case."). Thus, in most cases, motions to dismiss for failure to

state a claim or motions for a more definite statement are preferred. *See, e.g.*, *Dewolff Boberg & Assocs. v. Justin Pethick & Randall Powers Co.*, 2022 WL 3904687, at *2 (N.D. Tex. Apr. 28, 2022) (Lindsay, J.) ("[T]he sufficiency of Plaintiff's pleadings . . . and any related discovery issues are better suited for resolution . . . under Federal Rule of Civil Procedure 12 and the normal discovery process.").

## III.

## ANALYSIS

Defendants allege that VGL has not pleaded its trade secrets with reasonable particularity and move for pre-discovery identification. *See generally* Doc. 33, Br. Supp. Mot. VGL argues that pre-discovery identification is unwarranted. *See* Doc. 43, Resp., 3–5. The Court agrees. This case does not present unusual complexities or difficulties that justify "special procedures." *See* Fed. R. Civ. P. 16(c)(2)(L). Rather, the case is a standard trade secrets dispute. VGL alleges Defendants have taken trade secrets including "(1) [VGL]'s business plan, (2) [VGL]'s sponsorship agreement with Dallas Woody's, (3) [VGL]'s vendors and independent contractors, (4) [VGL]'s periodic revenue, pricing and expense information, (5) [VGL]'s customer and client list, and (6) [VGL]'s various contacts in the community, including potential sponsors." Doc. 1, Compl., ¶¶ 105, 115.

And while the pleadings may leave more to be desired, *see* Doc. 48, Reply, 4–6, Defendants have not shown why this case warrants special procedures, *see Dewolff Boberg*, 2022 WL 3904687, at *1. Indeed, Defendants concede that VGL has already provided additional information with respect to some trade secrets, *see* Doc. 48, Reply, 8, and "there is no indication that interrogatories would fail to elicit the desired information" or cause inefficiencies, *see DFW Dance Floors*, 2023 WL 1805847 at *2.

The Court therefore joins similar decisions in this district in finding that "'the sufficiency of the pleadings and any related discovery issues are better suited for resolution in the context of' a Rule 12 motion or the normal discovery process." *See DFW Dance Floors*, 2023 WL 1805848, at *2 (quoting *Dewolff Boberg*, 2022 WL 3904687, at *2)

## IV.

## CONCLUSION

Because Defendants have not shown this case requires a departure from regular discovery and pleading procedures, the Court **DENIES** Defendant's Motion for an Order Requiring Pre-Discovery Identification of Trade Secrets (Doc. 32).

**SO ORDERED.**

**SIGNED: June 15, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE