UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VARSITY GAY LEAGUE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2711-B |
| | § | |
| LOGAN NICHOLS, JEFFREY MANNING, GREG GIFFORD, and BORN SPORTS LEAGUE, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Varsity Gay League LLC ("VGL") and Defendants Logan Nichols, Jeffrey Manning, Greg Gifford, and Born Sports League's Agreed Motion for Leave to File Under Seal (Doc. 85). Because the Court finds that the public policy favoring voluntary settlements outweighs the public interest in access to judicial records in this case, the Court **GRANTS** the Motion (Doc. 85). The Court will enter the Agreed Final Judgment **UNDER SEAL** following this Order.

I.

BACKGROUND

In December 2022, VGL filed a Complaint alleging Defendants had improperly used its confidential information and trade secrets to launch Born Sports League, a competing enterprise. Doc. 1, Compl., ¶¶ 109, 118. VGL made claims for breach of contract, breach of fiduciary duty, tortious interference, trade secret misappropriation, civil conspiracy, and aiding and abetting. *See id.* ¶¶ 64–134. During a mediation on June 26, 2023, the parties reached a confidential settlement. Doc.

80, ADR Summ., 1; Doc. 85-1, Rodis Decl., ¶ 2. The parties now move to file under seal the Agreed Final Judgment containing the terms and conditions of the settlement. Doc. 85, Mot. Leave Seal, 1.

## II.

## LEGAL STANDARD

The Fifth Circuit recognizes a "working presumption . . . that judicial records should not be sealed." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). However, the common law right of public access "is not absolute." *Bradley v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). "To decide whether something should be sealed, the court must undertake a 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *June Med. Servs.*, 22 F.4th at 521 (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)). "'[C]ourts should be ungenerous with their discretion to seal judicial records . . . .' And, to the extent that any sealing is necessary, it must be 'congruent to the need.'" *Id.* (alteration in original) (quoting *Binh Hoa Le v. Exter Fin. Corp.*, 990 F.3d 410, 418, 420 (5th Cir. 2021)). The Court is not bound by a confidentiality provision in a settlement agreement between the parties. *See Cruz v. City of Hammond*, 2015 WL 1525758, at *2 (E.D. La. Apr. 2, 2015).

## III.

## ANALYSIS

This Motion to File Under Seal requires the Court to balance two competing public interests: (1) the public's right of access to judicial records, *see Binh Hoa Le*, 990 F.3d at 417 and (2) the "public policy favor[ing] voluntary settlements," *see Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (per curiam).

Some courts have declined to seal settlement agreements when the dispute implicates matters of public concern. For example, in cases under the Fair Labor Standards Act (FLSA), courts have refused to seal settlement agreements because of the "private-public character" of the employee rights. *E.g.*, *Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009); *see also Rodriguez v. El Pollo Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) (Fitzwater, C.J.); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). Specifically, "[s]ealing settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Rodriguez*, 2012 WL 5506130, at *1. Similarly, in *SEC v. Van Waeyenberghe*, the Fifth Circuit reversed a district court's sealing of a final order permanently enjoining the defendant from further violations of the securities laws. 990 F.2d 845, 850 (5th Cir. 1993). The Fifth Circuit emphasized that, although the defendant would have an obligation to disclose the permanent injunction under certain circumstances, disclosure was not coextensive with access. *Id.* at 849. Rather, the public had a right to access the actual judicial records to, for example, verify the defendant's disclosures. *Id.* at 849–50.

At the same time, "public policy favors voluntary settlements which obviate the need for expensive and time-consuming litigation." *E.g., Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985). Accordingly, in the aptly named *Seals* case, the Fifth Circuit held the district court did not abuse its discretion in sealing the settlement agreement where the parties previously agreed to maintain confidentiality during an arbitration and such confidentiality was a "material inducement for [the defendant] to enter into [the settlement] Agreement." *Seals*, 482 F. App'x at 896.

Here, the Court finds that the public policy in promoting settlement outweighs the public's right of access. The parties previously participated in a confidential mediation session following the

Court's Mediation Order. *See* Doc. 63, Mediation Order, 2 ("All proceedings in a mediation are confidential . . . ."). In reaching settlement, the parties agreed not to generally disclose the terms of the agreement. *See* Doc. 85-1, Rodis Decl., ¶ 2. And the parties' dispute is, at root, private in nature; VGL contends that Defendants misappropriated its confidential information and trade secrets to start a competing business. *See* Doc. 1, Compl., ¶¶ 109, 118. Accordingly, the Agreed Final Judgment has bearing on the potential value of those trade secrets and discloses at least some degree of financial information to outside parties. On balance, therefore, the Court finds that the parties' reliance on confidentiality, the nature of the suit, and the potentially exploitable information contained in the Agreed Final Judgment justify the proposed sealing.

## IV.

## CONCLUSION

The Agreed Motion for Leave to File Under Seal (Doc. 85) is therefore **GRANTED**. The Court will enter the Agreed Final Judgment **UNDER SEAL** following this Order.

**SO ORDERED.**

**SIGNED: August 16, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE